FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 2 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00619-BNB

LESTER PAUL DANIELS #95797,

        Plaintiff,

v.

MS. SUSAN JONES, Warden (C.S.P.),
SERGEANT SARAH MARTZ, Property (C.S.P), and
LIEUTENANT DAN HICKS, Property Supervisor (C.S.P),

        Defendants.

---

## ORDER OF DISMISSAL

---

        Plaintiff, Lester Paul Daniels, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) and is currently incarcerated at the Colorado State

Penitentiary in Canon City, Colorado.  Mr. Daniels initiated this action by filing a *pro se*

prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He has been

granted leave to proceed *in forma pauperis*.

        The Court must construe the complaint liberally because Mr. Daniels is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall

v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be

read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Mr. Daniels is a prisoner and some of the Defendants are officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Daniels is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).  For the reasons stated below, the Court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

As background, Mr. Daniels alleges that his personal television was confiscated by prison staff in March 2010 and returned in April 2010.  However, Mr. Daniels asserts that the TV which was returned to him in April had a different serial number than the one confiscated.  Mr. Daniels informed staff that a different TV had been returned.  The TV was then confiscated from him for eight months.  The TV was again returned in October

2010, but was destroyed by a power surge on January 19, 2011. Mr. Daniels asserts that the DOC is liable for failing to return his original TV and for destroying the returned TV. He further alleges that he has exhausted the administrative remedy process by filing grievances at every level. Mr. Daniels asserts claims for Lost and/or Stolen Property, Deprivation of Personal Property, and Damage to Personal Property. As relief, Mr. Daniels seeks damages.

As a preliminary matter, none of Mr. Daniel's three claims alleges what, if any, constitutional right was violated by the alleged confiscation and destruction of his personal television. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Mr. Daniels has failed to allege that any of his rights under the United States Constitution have been violated.

If construed as due process claims based on the confiscation and loss of his personal property, they lack merit. The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, "the United States Supreme Court has held that neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an

3

adequate postdeprivation remedy for the loss is available). A prison grievance procedure is an adequate postdeprivation remedy if the grievance procedure provides a meaningful remedy. *See id.* at 536 n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). The fact that Mr. Daniels' administrative grievances were not successful, by itself, does not mean that the grievance procedure was not an adequate remedy. To the extent Mr. Daniels may be arguing that the DOC grievance procedure was not available to him because his grievances were ignored, the Court notes that Mr. Daniels also has an adequate remedy available to him in state court under state law. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug. 25, 2010) (unpublished decision) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court."). Mr. Daniel's asserted claims and the complaint are legally frivolous, and will be dismissed pursuant to § 1915(e)(2)(B). Accordingly, it is

ORDERED that the complaint filed by Plaintiff, Lester Paul Daniels, and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __12th__ day of ___April_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00619-BNB

Lester Paul Daniels
Prisoner No.  95797
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 12, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk